■ AFFILIATED F.M. INSURANCE CO., INC., Appellant, v HARTFORD ACCIDENT AND INDEMNITY CO., Respondent, et al., Defendant. [642 NYS2d 211] —Order, Supreme Court, New York County (Walter Schackman, J.), entered on or about November 14, 1994, which granted defendant primary insurer's cross motion for summary judgment dismissing plaintiff excess insurer's complaint, and order, same court and Justice, entered October 26, 1995, which, insofar as appealable, denied plaintiff's motion to renew, unanimously affirmed, both with costs.

Plaintiff, a third-level excess insurance carrier, failed to

make a prima facie showing of bad-faith failure by defendant primary insurer to settle the underlying medical malpractice action (*see, Pavia v State Farm Mut. Auto. Ins. Co.*, 82 NY2d 445, 453-455). Defendant offered the full amount of its policy with the insured, a hospital, early in the malpractice proceedings. That defendant did not offer an additional amount to settle a claim against a doctor named as a defendant in the malpractice action, as an additional insured under a "moonlighting" endorsement to the hospital's policy, does not show bad faith, since defendant was acting on the belief that coverage under the moonlighting endorsement was excess to the coverage provided by the doctor's own insurer (*see, Gordon v Nationwide Mut. Ins. Co.*, 30 NY2d 427, 431). At best, plaintiff raises an issue of negligence in failing to read or fully comprehend the policy, which is not actionable (*see, Pavia v State Farm Mut. Auto. Ins. Co., supra*, at 453). Concur—Murphy, P. J., Rubin, Kupferman, Ross and Tom, JJ.